UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-21068-KING

CATHERINE DANIELS, as Personal
Representative of the Estate of her deceased
son, LAVALL HALL; and
MELISSA EDWARDS, as natural mother
and Guardian of AARIAYAH HALL,
natural daughter of LAVALL HALL,
deceased,

    Plaintiffs,

vs.

STEPHEN JOHNSON, in his official
capacity as Chief of Police of Miami
Gardens Police Department; PETER
EHRLICH; EDDO TRIMINO; and
THE CITY OF MIAMI GARDENS,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

THIS CAUSE comes before the Court upon a Motion to Dismiss by Defendants Peter Ehrlich and Eddo Trimino (DE 29). This action arises out of the death of Lavall Hall at the hands of City of Miami Gardens Police officers. Plaintiffs allege ten causes of action under 42 U.S.C. § 1983 and Florida law against the City of Miami Gardens and the officers involved in Hall's death. This Court previously granted in part and denied in part motions to dismiss brought by all defendants. *See* DE 19. Plaintiffs filed an amended complaint (DE 25). The City of Miami Gardens answered (DE 27). The remaining individual defendants (the officers) filed the instant motion to dismiss.

Defendants' motion to dismiss is brought on two grounds: (1) Plaintiffs' claims against the officers are improperly brought against them in their personal and official capacities; and (2) Plaintiffs' state-law wrongful death claims against the officers improperly plead both negligence and malicious conduct.

Defendants are partially right, but the Court concludes that Plaintiffs' claims do not need to be dismissed in their entirety. First, the Court already concluded, with respect to former Defendant Stephen Johnson, that Plaintiffs' official-capacity claims are duplicative of their § 1983 claims. *See* DE 19, at 4 (citing authorities). The same principle holds true for all claims against Defendants Ehrlich and Trimino. All of Plaintiffs' claims against Ehrlich and Trimino are appropriately dismissed to the extent they are brought against the officers in their official capacities.

Second, Defendants argue that Plaintiffs' state law claims should be dismissed for improperly comingling allegations of negligence and malicious conduct. This is a moot point, however. The Court has already ruled that Plaintiffs' state law claims may not be pled as negligence counts. *See* DE 19, at 5. That ruling stands. The Court does not need to re-make it, even if some sentences in Plaintiffs' amended complaint look and sound like allegations of negligence. Plaintiffs do not plead negligence. They cannot do so under this Court's prior Order. What they do plead is that the officers "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Defendants do not argue that Plaintiffs failed to plead sufficient facts to support such a claim.

For all of these reasons, the Court concludes that Plaintiffs' claims against the officers are appropriately dismissed in part. There is no need to dismiss them in their entirety.

Therefore, it is **ORDERED, ADJUDGED, and DECREED**:

1. The Motion to Dismiss by Defendants Peter Ehrlich and Eddo Trimino **(DE 29)** be, and the same is, hereby **GRANTED in part and DENIED in part.**

    a. The Motion is granted as follows: All of Plaintiffs' claims against Defendants Peter Ehrlich and Eddo Trimino are dismissed to the extent they are asserted against those Defendants in their official capacities.

    b. The Motion is denied in all other respects.

2. Defendants Peter Ehrlich and Eddo Trimino shall answer Plaintiffs' Amended Complaint. They are granted 20 days from the date of this Order within which to do so.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this _31_ day of _August_, 2015.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record